# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2020

Lyle W. Cayce
Clerk

No. 18-60598

FABIAN KABWE MUYABA, also known as Fabian Muyaba,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 287 065

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Fabian Kabwe Muyaba is a citizen of Zimbabwe admitted into the United States on a B-1 immigration visa in 2001. He became a lawful permanent resident in 2006. In 2009, he was convicted of conspiracy and six counts of aiding and assisting in the preparation of false tax returns in a scheme that began in 2004 and ended in 2008. According to the indictment, Muyaba was personally responsible for fraudulently claimed business losses and tax credits totaling $112,227. The district court found the scheme resulted in a loss to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60598

IRS of $2,661,060.  Muyaba objected to being held accountable for the loss attributable to the whole scheme, instead claiming that he was responsible only for a loss of "approximately $86,000."  The district court sentenced him to 120 months in prison and two years of supervised release and ordered cooperation with the IRS in collecting outstanding taxes.  The Fifth Circuit affirmed Muyaba's sentence.  *United States v. Mudekunye*, 646 F.3d 281, 291 (5th Cir. 2011).

In 2017, Immigration and Customs Enforcement (ICE) took custody of Muyaba and served him with a Notice to Appear (NTA) for removal proceedings.  ICE notified him in the NTA that he was an alien convicted of an aggravated felony.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  The definition of aggravated felony includes "an offense that—involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  8 U.S.C. § 1101(a)(43)(M)(i); In the alternative, the immigration judge made a finding that Muyaba was removable because the six counts of aiding and abetting tax fraud each qualified as a crime of moral turpitude.

The immigration judge recognized Muyaba was personally liable for $112,227 in fraudulent business losses and tax credits and that the scheme defrauded the IRS of $2,903,842.  The immigration judge made a factual finding that Muyaba was convicted of an offense involving fraud in which the loss exceeded $10,000.  That finding meant the fraud was an aggravated felony and he was eligible for deportation.  The Board of Immigration Appeals denied the appeal.

Muyaba presents four arguments in this appeal.  We find each meritless.

Our court recently rejected Muyaba's first argument in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019).  The Supreme Court issued a narrow holding in *Pereira v. Sessions* that an NTA without the time or place of removal proceedings is not "a notice to appear under section 1229(a)." 138 S. Ct. 2105,

2110 (2018).  In *Pierre-Paul*, we held that the immigration judge may cure a defective NTA "by subsequently sending a notice of hearing that include[s] the time and date of the hearing."  *Id.* at 689.  We further held that even if an NTA could not be cured in that manner, the defect "is not jurisdictional."  *Id.*

Like in *Pierre-Paul*, Muyaba seeks to invalidate jurisdiction by claiming his NTA lacked the specific time and date.  *See id.* at 690.  By including the curing information in subsequent NTAs, the court cured that potential defect.  *See id.* at 693.

Muyaba's second argument attempts to rebut his eligibility for removal for having committed an aggravated felony.  He claims he was responsible for only $86,000 in actual losses.  But even assuming he is right, that amount is still over the $10,000 minimum for his offense to qualify as an aggravated felony.  8 U.S.C. § 1101(a)(43)(M)(i); *see also Nijhawan v. Holder*, 557 U.S. 29, 38–39 (2009) (describing the crimes that fit into subsection (M)(i)).

Muyaba's third claim, that he did not commit at least two crimes of moral turpitude, also fails.  His multiple offenses are distinct crimes for purposes of this statute.  *Animashaun v. INS*, 990 F.2d 234, 237–38 (5th Cir. 1993).

Finally, Muyaba argues the BIA erred in failing to remand the proceedings to allow him to try to adjust his status and apply for a waiver of inadmissibility.  He failed to meet the statutory prerequisites for adjustment of status and so is not eligible to apply for a waiver.  *See Cabral v. Holder*, 632 F.3d 886, 891 (5th Cir. 2011).  As such, the BIA did not abuse its discretion in denying remand.

We affirm.